___ FILED ___ ENTERED
___ LODGED ___ RECEIVED

MAR 20 2015

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY _____ DEPUTY

The Honorable Brian A. Tsuchida

# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL SMITH JR.,<br><br>Defendant. | CASE NO. MJ15-115<br><br>COMPLAINT for VIOLATION<br>Title 18, United States Code, Section 2250 |

BEFORE the Honorable Brian A. Tsuchida, United States Magistrate Judge, U.S. Courthouse, SEATTLE, Washington.

## COUNT ONE

### (Failure to Register or Update Sex Offender Registration)

During October 2014 and continuing until the present, in Skagit County and within the boundaries of the Swinomish Indian Reservation, in the Western District of Washington, MICHAEL SMITH JR., an individual required to register and update his registration pursuant to the Sex Offender Registration and Notification Act, and a sex offender by reason of a conviction under Swinomish Tribal Code for Abusive Sexual Touching, in violation of Swinomish Tribal Code 4-03.020, did knowingly fail to update his sex offender registration.

All in violation of Title 18, United States Code, Section 2250.

COMPLAINT/SMITH- 1

The undersigned complainant, Brian Allan, being duly sworn, states:

1. I am a Senior Inspector for the United States Marshals Service assigned to the Seattle, Washington, office. I have been with the United States Marshals Service for over thirteen years. I graduated from the United States Marshals Service Academy and the Federal Law Enforcement Training Center for Criminal Investigators. I am currently assigned as the Sex Offender Investigations Coordinator for the United States Marshals Service, Western District of Washington. One of my responsibilities is to investigate crimes involving individuals who are convicted sex offenders who have failed to register as required by the Sex Offender Registration and Notification Act ("SORNA") (codified at Title 42, United States Code, Section 16901, *et seq.*), enacted on July 27, 2006, as part of the Adam Walsh Child Protection Act of 2006.

2. This affidavit is made in support of a criminal complaint charging the defendant, MICHAEL SMITH JR, with failure to update his sex offender registration, in violation of Title 18, United States Code, Section 2250. The information set forth below has come from either personal investigation or has been related to me personally by other law enforcement officers associated with this investigation.

## I. SUMMARY OF INVESTIGATION

3. As set forth below, MICHAEL SMITH JR is a sex offender who was convicted under the Swinomish Tribal Code, and is required by federal law to register in any jurisdiction in which he resides, maintains employment, or attends school. SMITH last registered as a sex offender with the Skagit County Sheriff's Office on October 18, 2014, changing his address from 17619 1st Street, Apartment C, La Conner, Washington, to 17552 Front Street, La Conner, Washington, both within the boundaries of the Swinomish Indian Reservation.

## II. DEFENDANT'S SEX OFFENDER STATUS

4. On or about December 19, 2001, MICHAEL SMITH JR. was convicted of Abusive Sexual Touching in violation of the Swinomish Tribal Code 4-03.020. MICHAEL SMITH JR. was sentenced to 365 days confinement for this offense, with the

entire sentence suspended if he complied with certain special conditions. As a result of this conviction, MICHAEL SMITH JR. is required to register as a sex offender under Federal law.

5. The elements of the crime of Abusive Sexual Touching under Swinomish Tribal Code 4-03.020 are:

(A) Any person who knowingly engages in, causes or attempts sexual touching, as defined in Section 4-01.040, with or by another person in any one of the following circumstances commits the crime of abusive sexual touching:

    (1) by using force against the other person;

    (2) by threatening or placing the other person in fear;

    (3) when the other person is rendered unconscious or physically or mentally incapable of declining participation or communicating willingness to engage in sexual intercourse for any reason including physical handicap, mental disease, mental disability, alcohol or drug intoxication;

    (4) when the defendant is in a position of trust or authority with respect to the other person, and takes advantage of that position to cause sexual touching; or

    (5) when the defendant is related to the victim as an ancestor, descendent, or sibling.

6. Sexual touching is defined in the Swinomish Tribal Code as: "any touching of the sexual or other intimate parts of a person done for the purpose of arousing or gratifying the sexual desire of any person or for the purpose of abusing, humiliating, harassing, or degrading another person."

7. The SORNA requires that all convicted "sex offender[s]" must "register, and keep the registration current, in each jurisdiction where the offender resides, where the offender is an employee, and where the offender is a student." 42 U.S.C. § 16913(a). A sex offender keeps their registration current by, not later than three business days after

each change of name, residence, employment, or student status, appearing in person in at least one jurisdiction and informing that jurisdiction of all changes in the information required for that offender in the sex offender registry. 42 U.S.C. § 16913(c). The term "sex offender" is defined to mean an individual who has been convicted of a "sex offense." 42 U.S.C. § 16911(1). The statute defines a "sex offense" to include a "criminal offense that has an element involving a sexual act or sexual contact with another," including an attempt to do so. *Id.* § 16911(5)(A)(i), (v).

8. SMITH's offense, Abusive Sexual Touching, has an element that involves sexual contact with another. Accordingly, SMITH is a "sex offender" under SORNA, and thus is required to register and keep his registration current under SORNA. SMITH is classified as a Tier II sex offender with a duty to register for 25 years because the offense of Abusive Sexual Touching, under the Swinomish Tribal Code, is comparable to or more severe than Abusive Sexual Contact as described in 18 U.S.C. § 2244.

### III. DEFENDANT'S KNOWLEDGE

9. I have reviewed documents provided to me the Swinomish Tribal Court and the Skagit County Sheriff's Office that show MICHAEL SMITH JR. knew of his requirements to register as a sex offender and to update his registration. These documents include a document entitled, Notice of Intent and Order, from the Swinomish Tribal Court, which states,

> "YOU ARE HEREBY NOTIFIED that by order of the Court dated October 22, 2002 you are required to immediately register with Washington State as a sexual offender. Be informed that initial contact for registration with the State of Washington must occur no later than 72 hours after your release from custody and you are hereby given notice of the Court's intent to consider any failure to meet this obligation a violation of the Court's order.
>
> Your failure to fully comply with the prior orders of this court may be considered criminal contempt of court that can be separately charged and subject you to arrest. DATED THIS 15th day of April, 2004."

10. Following this order, MICHAEL SMITH JR. registered with the Skagit County Sheriff's Office on April 21, 2004, and acknowledged his duty to register by signing the Sex and Kidnapping Offender Registration Requirements form. This document states: "If an offender moves within the same county, he or she must send written notice of the change of address to the county sheriff within 72 hours of moving."

11. On October 18, 2014, SMITH signed an updated version of the Sex and Kidnapping Offender Registration Requirements which states, "If a person required to register changes his or her residence address within the same county, the person must provide, by certified mail, with return receipt requested, or in person, signed written notice of the change of address to the county sheriff within 3 business days of moving."

## IV. EVIDENCE OF DEFENDANT'S FAILURE TO UPDATE

12. On September 16, 2014, a criminal complaint was prepared for the Swinomish Tribal Court, alleging that MICHAEL SMITH JR. had committed the crime of Failure to Register as a Sex Offender. According to the complaint, on or about August 10, 2014, Swinomish Tribal law enforcement learned that SMITH was no longer residing at the previous registered address of 17541 2nd Street, La Conner, Washington, and did not notify Tribal law enforcement of a new address as required by the Swinomish Tribal Code 4A-02.060. The 2nd Street address is on the Swinomish Indian Reservation, which requires SMITH to notify the Swinomish Police Department within three days of leaving that address.

13. On October 18, 2014, SMITH registered an address of 17552 Front Street, La Conner, Washington, which is within the exterior boundaries of the Swinomish Indian Reservation, with the Skagit County Sheriff's Office. However, he did not update his registration with the Swinomish Police Department.

14. On March 2, 2015, an arrest warrant was issued in the Swinomish Tribal Court for Failure to Register as a Sex Offender. On March 11, 2015, the Swinomish Police Department went to 17552 Front Street, La Conner, Washington, and interviewed SMITH's father, Michael Smith SR. Michael Smith SR has medical issues which

prevented him from writing out a statement but a Swinomish police officer wrote Smith SR's statement which he signed. The statement read, "Michael Smith JR. has not lived here for a long time." On March 18, 2015, an additional statement was taken from Michael Smith SR to more accurately describe the timeframe regarding Michael SMITH JR.'s residency at 17552 Front Street, La Conner, Washington. The statement, written by Officer Schwahn, Swinomish Police Department, and signed by Michael Smith SR read, "Michael Smith JR. has not lived at 17552 Front St. for over one year."

15. According to the Swinomish Police Department, SMITH has eluded officers on three separate occasions since the warrant was issued. They do not have a fixed residence for SMITH but believe that he may be residing at several locations within the boundaries of the Swinomish Indian Reservation.

16. There is no evidence that MICHAEL SMITH JR. has an updated registration with any federal, state, or tribal law enforcement agency in the United States.

## V. CONCLUSION

Based on the foregoing information, I respectfully submit that there is probable cause to believe that the defendant has failed to update his sex offender registration, in violation of Title 18, United States Code, Section 2250.

Brian Allan, Complainant
Senior Inspector
United States Marshals Service

Based on the Complaint and Affidavit sworn to before me, and subscribed in my presence, the Court hereby finds that there is probable cause to believe MICHAEL SMITH JR. committed the offense set forth in the Complaint.

Dated this 20 day of March, 2015.

BRIAN A. TSUCHIDA
United States Magistrate Judge

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970